■ VINCENT A. SMYTH, Appellant, et al., Plaintiffs, v MOBIL FOUNDATION, INC., Respondent.—In an action for specific performance, or, in the alternative, to recover damages, plaintiff Smyth appeals from an order of the Supreme Court, Suffolk County, entered May 11, 1979, which denied his motion to dismiss the defendant's second counterclaim. Order reversed, on the law, with $50 costs and disbursements, motion granted and the second counterclaim is dismissed. Defendant contracted to sell a vacant gasoline station site to plaintiff Smyth, an attorney, who was clearly acting on behalf of unnamed clients. After a contract was entered into providing for delivery of the property in an "as is" condition, the defendant removed the underground gasoline storage tanks allegedly depriving plaintiffs of the legal right to use the property as a nonconforming gasoline station under the Huntington Town zoning ordinance. When plaintiffs brought this action for specific performance of the contract or damages for breach of it, the defendant asserted the following counterclaim against plaintiff Vincent A. Smyth, attorney for plaintiffs Pseja: "THIRTEENTH: That if the plaintiffs, VLADIMIR PSEJA and RODNEY L. PSEJA, were caused damages as alleged in the complaint

through negligence other than their own negligence, carelessness and recklessness, said damages were sustained due to the primary and active, negligent, careless and reckless acts of omission or commission of the plainitff, VINCENT A. SMYTH, in that his actions caused the said premises to lose its designation for use as a gas service station. FOURTEENTH: Further, if the plaintiffs, VLADIMIR PSEJA and RODNEY L. PSEJA, should recover judgment against this defendant, then the plaintiff, VINCENT A. SMYTH, shall be liable to the defendant for the full amount of said judgment or on the basis of apportionment of responsibility, defendant is entitled to indemnification from and judgment over and against the plaintiff, VINCENT A. SMYTH, for all or part of any verdict or judgment which plaintiffs, VLADIMIR PSEJA and RODNEY L. PSEJA, may recover in such amounts as a jury or court may direct." Smyth's motion to, dismiss the counterclaim was denied at Special Term. The record reveals that in this action on a contract the defendant has interposed a counterclaim seeking indemnification from Smyth if defendant is held liable for negligence. Since the plaintiffs never pleaded a cause of action for negligence against the defendant, the counterclaim seeking indemnity if defendant is found to have been negligent does not seem to state a cause of action. In any event, it is apparent that at all times plaintiff Smyth was acting as agent and attorney for Vladimir Pseja and Rodney L. Pseja. The counterclaim thus constitutes an assertion by defendant that Smyth was guilty of malpractice in the handling of his clients' affairs. Apart from public policy considerations involved in permitting a party to an action to assert a malpractice claim on behalf of the adverse party against the adverse party's lawyer in the action, the instant counterclaim palpably lacks merit. On argument of the appeal, repeated questioning elicited from counsel for the defendant the admission that he was unable to specify in any respect what it was that Smyth allegedly had done improperly. The counterclaim violates CPLR 3019 (subd [c]) and under the stated circumstances it should be dismissed. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.